IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHAROLYN BRANTLEY MONTGOMERY ALLEN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:19-CV-487-WKW-CSC [WO] |
| DERRICK CUNNINGHAM, et al., | ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

Pro se Plaintiff Sharolyn Brantley Montgomery Allen ("Allen"), filed this civil rights action under 42 U.S.C. § 1983 while incarcerated at the Montgomery County Detention Facility ("MCDF") in Montgomery, Alabama, seeking relief for certain claimed violations of her federally protected rights while confined at MCDF. This action for damages and declaratory relief involves a dispute over the adequacy of medical care and treatment afforded Allen at MCDF in July and August of 2017 and the conditions of her confinement while housed in a medical cell. Allen's Amended Complaint brings suit against Derrick Cunningham, the Sheriff of Montgomery County, Alabama. Doc. 15. Allen filed an amendment to name Quality Correctional Health Care ("QCHC") as a defendant. Doc. 24; *see also* Doc. 27.

---

[1] All documents and attendant page numbers cited herein are those assigned by the Clerk of this Court in the docketing process.

Pursuant to the Court's Orders, Defendants filed Answers, Written Reports with supplements, and supporting evidentiary materials addressing Allen's claims for relief. Docs. 20, 21, 22, 33, 34, 35, 40, 41, 43. In their reports, Defendants deny they acted in violation of Allen's constitutional rights. Defendants also raise the defense of exhaustion arguing this case is due to be dismissed because Allen failed to properly exhaust the administrative remedy available to her at MCDF regarding the claims presented prior to filing this case.  Doc. 20; Doc. 33; Doc. 40. *See Jones v. Bock*, 549 U.S. 199, 202(2007) (emphasis added) (finding that the Prison Litigation Reform Act ("PLRA") requires "inmates complaining about prison conditions exhaust prison grievance remedies **before** initiating suit.").  Defendants base their exhaustion defense on Allen's failure to comply with the facility's internal administrative remedy procedure for its inmates regarding the claims presented in this matter.  Doc. 21 at 6, 10; Doc. 22 at 6–9; Doc. 34 at 8–11; Doc. 35 at 3–4; Doc. 41 at 11; Doc. 43-1 at 2-3.

Upon receipt of Defendants' answers, reports with supplements, and evidentiary submissions, the Court issued Orders on January 16, 2020, and May 21, 2020, providing Allen an opportunity to file a response. Docs.  23, 44. These Orders directed Allen  to address Defendants' argument that  "she failed to exhaust her available administrative remedies . . . as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") [prior to filing this federal civil action]." Doc. 44 at 1 (footnote omitted); *see also* Doc. 23. The Orders also advised Allen her response should be supported by affidavits

2

or statements made under penalty of perjury and other evidentiary materials. Doc. 44 at 3. In its Order entered May 21, 202, the Court advised Allen that unless "sufficient legal cause" is shown within ten days of entry of the Order why such action should not be undertaken, the Court may at any time after expiration of the time for his filing a response to the May 21 Order and without further notice to the parties (1) treat the written reports with supplements and any supporting evidentiary materials as a dispositive motion and (2) after considering any response as allowed by said Order, rule on the motions in accordance with law. Doc. 44 at 4; *see also* Doc. 23.

Allen filed responses to Defendants' written reports, as supplemented. Docs. 28, 32, 47. In response to Defendants' exhaustion defense, Allen maintains that she exhausted remedies available to her. Specifically, Allen claims that Defendants' evidence reflects she made many complaints, verbally and through written methods (Doc. 28 at 1; Doc. 32 at 2), but she was unable to locate her written complaints (Doc. 47 at 1); (2) she put in several grievances at the county jail but they are not in her file; and (3) she wrote a letter to the Director of the jail, she complained, and she filed complaints in writing but it did no good (Doc. 32 at 4).

To support their written reports, Defendants produced institutional records, the Affidavits of Sonja Pritchett, Director of MCDF ["Director Pritchett"], and the Declaration of Dr. Johnny Bates, President of QCHC ["Dr. Bates"]. These evidentiary materials refute Allen's claims that she exhausted MCDF's administrative remedy procedure and reflect

that during the time relevant to the allegations made, she had access to the grievance process. Docs. 21 at 5–11; 21-1; 35, 41-2; 43-1.

Pursuant to the directives of the Order entered May 21, 2020 (Doc. 44), the Court now does treat Defendants' written reports as motions to dismiss regarding the exhaustion defense as to the unexhausted claims. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted) (holding that "an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Fla. Dept. of Corrs.*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed a defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies").

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust any administrative remedies available to her before filing a suit in federal court based on alleged violations of her constitutional rights or other federal laws. Specifically, § 1997e(a) directs that:

> [n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

*Miller v. Tanner*, 96 F.3d 1190, 1192–93 (11th Cir. 1999). In addressing the requirements of 42 U.S.C. § 1997e(a) exhaustion, the Eleventh Circuit has

4

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before ***filing*** suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Ga. Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original). Furthermore, "the question of exhaustion under the PLRA [is] a threshold matter that [federal courts must] address before considering the merits of the case. Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (internal quotation marks omitted) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004) and *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)). The Court will therefore "resolve this issue first."

"When deciding whether a prisoner has [properly] exhausted h[er] remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (*citing Bryant*, 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id*. (*citing Bryant*, 530 F.3d at 1373-74, 1376)." *Myles*, 476 F. App'x at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 Fed. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id*. at 534.

Upon review of the Amended Complaint, the amendment with supplement, Defendants' dispositive motions and evidentiary materials filed in support thereof, and Allen's responses, the undersigned concludes Defendants' motions to dismiss are due to be granted.

## III. DISCUSSION

Allen challenges the adequacy of medical treatment she received following her arrest and detention at MCDF on July 14, 2017. At her intake medical screening Allen complained of severe leg pain and continued to complain about the pain for several days. Allen was taken to a free world hospital for treatment on July 24, 2017, and again on August 5, 2017, where she remained until her return to MCDF on August 11, 2017, at which time she was placed in a medical dorm. Allen complains that the condition of her cell in the medical dorm was unconstitutional due to the presence of raw sewage spilling onto the cell floor and alleges jail and medical staff refused to give her prescribed pain medication. Docs. 15, 27. Defendants deny Allen's allegations of inadequate medical care and treatment and unconstitutional conditions of confinement and further argue this case is subject to dismissal because she failed to properly exhaust the administrative remedy provided at the detention facility for inmates to seek review of any aspect of their confinement prior to filing a complaint as required by the PLRA, 42 U.S.C. § 1997e(a). Docs. 20, 33, 40.

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court in a § 1983 action. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 578 U.S. 632, 639 (2016). However, "[a] prisoner need not exhaust remedies if they are not available." *Id.* at 635 (internal quotation marks omitted). Generally, a remedy is "available" when it has "sufficient power or force to achieve an end,[or is] capable of use for the accomplishment of a purpose[.]" *Booth*, 532 U.S. at 737

(internal quotation marks omitted). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id.* at 90–91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id.* at 83-84; *Bryant*, 530 F3d at 1378 (explaining that to exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (observing that inmate's belief that administrative procedures are futile or needless does not excuse the

9

exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that MCDF provides an administrative remedy procedure to resolve inmate complaints regarding any aspect of their confinement. Docs. 21, 35, 43. Allen does not challenge the availability of a grievance procedure at MCDF during her incarceration at the facility. *See* Doc. 27 at 2. Generally, Defendants' evidence demonstrates that MCDF provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. Doc. 21 at 32. Allen received a copy of the Rules and Regulations Handbook governing inmates at MCDF when she was booked into the facility on July 14, 2017, which contains information regarding the facility's grievance procedure. *Id.* at 29. The grievance procedure applicable to the claims presented by Allen allowed her the opportunity to submit grievances regarding conditions occurring at facility. MCDF's grievance procedure provides that inmates are entitled to voice any grievance to jail administration. Doc. 21 at 32. The facility provides inmate grievance forms and inmates are encouraged to use these forms to submit their grievance in writing. Sonja Pritchett testifies in her official capacity as Director of MCDF that:

> Grievance forms are kept on all cell pods and may be obtained from the control booth operators. These forms are also distributed to inmates by the grievance clerk. Once the grievance is filed, it is reviewed by the grievance clerk who then communicates with the appropriate jail official and responds with appropriate action.

Doc. 21 at 6. Director Pritchett also testifies

> It is my understanding that the Plaintiff in this case is claiming that she did exhaust her administrative remedies at the Detention Facility before she filed her lawsuit by filing written complaints with the Detention Facility. The Detention Facility has a grievance procedure that is available to inmates while they are incarcerated here. I personally checked with our grievance clerk and we have no record of any written grievance filed by the Plaintiff. We checked under each of the names used by Plaintiff, "Montgomery," "Brantley" and "Allen."
>
> I also checked with the mail clerk at the Detention Facility to see if it was possible that the Plaintiff mailed a letter to Detention Facility staff. This is not the proper way to exhaust administrative remedies in accordance with the grievance procedure, but there have been occasions when inmates have written letters in the past. The Detention Facility also has no record of receipt of any letters from the Plaintiff under any of the above last names.

Doc. 35 at 3–4.

Defendants' evidentiary submissions reflect that Allen submitted several medical request forms to QCHC, but Director Pritchett testifies submission of those requests for medical care are not a substitute for utilizing the grievance system available at the MCDF. Doc. 21 at 10. Dr. Johnny Bates affirms that Defendant QCHC, as medical provider for MCDF, does not maintain its own medical grievance procedure for inmate complaints regarding their medical care and treatment at the facility. Doc. 43-1 at 1. Rather, inmates must use the grievance procedure provided by MCDF to file grievances regarding any aspect of their confinement, including the provision of medical services. *Id.*

In this case, the evidentiary record demonstrates Allen had an administrative remedy available to her during her confinement at MCDF, but she failed to exhaust the facility's

administrative remedy process with regard to the claims presented. Specifically, despite the availability of an administrative remedy procedure and her access to it, Allen filed no grievance regarding the subject matter of this action in accordance with the MCDF's grievance procedure. Allen's conclusory, unsupported, and vague allegations—wholly lacking in any supporting factual detail or context—do not justify her failure to exhaust the facility's administrative remedy during the time it was available to her. Further, the record shows the administrative remedy is no longer available to Allen because she is no longer incarcerated. *See* Doc. 48 (Notice of Change of Address). Dismissal with prejudice is therefore appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) (holding that "[w]ithout the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (holding that inmate's "federal lawsuits [were] properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV. CONCLUSION

For the above stated reasons, the undersigned Magistrate Judge RECOMMENDS that:

1. Defendants' motions to dismiss (Docs. 22, 41) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy prior to initiating this cause of action.

2. This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a).

3   Judgment be ENTERED in favor of Defendants.

4. Other than the filing fee assessed to Plaintiff in this case, no further costs be taxed.

It is ORDERED that **by May 26, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 12th  day of May 2022.

                                             /s/   Charles S. Coody
                                             CHARLES S. COODY
                                             UNITED STATES MAGISTRATE JUDGE